KELLY BABINEAU, SBN 190418
The Law Office of Kelly Babineau, APC
Attorney at Law
455 Capitol Mall, Suite 802
Sacramento CA 95814
Tel: (916) 442-4948
Fax: (916) 492-2909
kbabineau@klblawoffice.net

Attorney for Defendant
BRYCE BEAVER

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 15-CR-00158JAM |
|---|---|
| Plaintiff, | |
| vs. | DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM & OBJECTIONS TO PROBATION SENTENCING REPORT |
| BRYCE BEAVER | |
| Defendant | Date: May 24, 2015<br>Time: 9:00 a.m.<br>Judge: Hon. John A. Mendez |

## I. Introduction

A sentencing memorandum was previously submitted on behalf of Mr. Beaver. However, is preparing for the judgment and sentencing, counsel for Mr. Beaver realized an additional argument / objection should be raised.  Consequently the foregoing objection / argument is submitted on behalf of Mr. Beaver.

## II. Formal Objections to the Presentence Report

On page 5, item 16, the probation reports adds +4 for an increase under USSG §2K2.1(b)(5) for transferring 2 or more firearms to another individual. The probation report notes that this is based upon Note 13 in the commentary. A careful review of this note demonstrates that the +4 is not applicable in this case and consequently the defense objects to this increase.

Note 13 states:

> 13.   Application of Subsection (b)(5).—
>
> (A) In General.—Subsection (b)(5) applies, regardless of whether anything of value was exchanged, if the defendant—
>
> (i)   transported, transferred, or otherwise disposed of two or more firearms to another individual, or received two or more firearms with the intent to transport, transfer, or otherwise dispose of firearms to another individual; and
>
> (ii)   knew or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual—
>
> (I)   whose possession or receipt of the firearm would be unlawful; or
>
> (II)   who intended to use or dispose of the firearm unlawfully.
>
> (B)   Definitions.—For purposes of this subsection:
> "Individual whose possession or receipt of the firearm would be unlawful" means an individual who (i) has a prior conviction for a crime of violence, a controlled substance offense, or a misdemeanor crime of domestic violence; or (ii) at the time of the offense was under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. "Crime of violence" and "controlled substance offense" have the meaning given those terms in §4B1.2 (Definitions of Terms Used in Section 4B1.1). "Misdemeanor crime of domestic violence" has the meaning given that term in 18 U.S.C. § 921(a)(33)(A).
>
> The term "defendant", consistent with §1B1.3 (Relevant Conduct), limits the account-ability of the defendant to the defendant's own conduct and conduct that the defendant aided or abetted, counseled, commanded, induced, procured, or willfully caused.

  (C) Upward Departure Provision.—If the defendant trafficked substantially more than 25 firearms, an upward departure may be warranted.

  (D) Interaction with Other Subsections.—In a case in which three or more firearms were both possessed and trafficked, apply both subsections (b)(1) and (b)(5). If the defendant used or transferred one of such firearms in connection with another felony offense (i.e., an offense other than a firearms possession or trafficking offense) an enhancement under subsection (b)(6)(B) also would apply. (USSG §2K2.1, Note 13.)

In this case, under probation's factual basis[1] Mr. Beaver supplied firearms to Mr. Gibbons. In order for this enhancement to apply, Mr. Beaver would have to supply the guns while knowing the person could not lawfully possess the guns and / or intended to use or dispose of the guns unlawfully. There was no evidence that Mr. Gibbons was an individual that was not allowed to possess a gun. As explained in note 13, a person not allowed to possess a gun is one that has a prior felony conviction, misdemeanor domestic violence conviction or is on probation or parole. There was no evidence that Mr. Gibbons was prohibited from owning a gun. In fact, quite to the contrary, Mr. Gibbons was known to work at a gun dealership. It would be unreasonable to assume that Mr. Gibbons had a prior conviction or in some other way was prohibited from owning firearms, considering his employment. In addition, there was no evidence presented that Mr. Beaver knew or should have known that Mr. Gibbons intended to use or dispose of the guns unlawfully. Consequently, Mr. Beaver should not suffer a 4 level increase based upon this section, as it simply does not apply.

---

[1] The defense raises an objection to the court relying on these facts in the earlier sentencing memorandum. The defense continues to object, but rather than repeat those objections here, the defense respectfully refers the court to the earlier memorandum.

**Conclusion**

For the reasons stated above and in the earlier sentencing memorandum the defense respectfully requests that the court follow the plea agreement and sentence Mr. Beaver to probation. This would be well supported by analysis of the 3553 factors.

Respectfully submitted,

DATED: May 22, 2016                /s/ Kelly Babineau
                                   Kelly Babineau
                                   Attorney for Bryce Beaver