PHILLIP A. TALBERT
United States Attorney
JUSTIN L. LEE
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America




JUL 25 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SHAROD GIBBONS,<br>Defendant. | CASE NO. 2:15-CR-00158-JAM<br>PLEA AGREEMENT<br>DATE: July 25, 2017<br>TIME: 9:15 a.m.<br>COURT: Hon. John A. Mendez |

# I. INTRODUCTION

## A. Scope of Agreement

The Second Superseding Information in this case charges the defendant with Unlawful Manufacturing and Dealing in Firearms, in violation of 18 U.S.C. § 922(a)(1)(A). This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

## B. Court Not a Party

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all

facts and circumstances concerning the criminal activities of defendant, including activities that may not have been charged in the Second Superseding Information. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II. DEFENDANT'S OBLIGATIONS

### A. Guilty Plea

The defendant will plead guilty to Count One of Second Superseding Information charging the defendant with Unlawful Manufacturing and Dealing in Firearms, in violation of 18 U.S.C. § 922(a)(1)(A). The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

**B. Sentencing Recommendation**

The defendant and his counsel may recommend whatever sentence they deem appropriate.

**C. Fine**

The parties will jointly recommend that the Court waive imposition of a fine because the defendant does not have the apparent ability to pay a fine.

**D. Special Assessment**

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

**E. Defendant's Violation of Plea Agreement or Withdrawal of Plea**

If the defendant, violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. One way a defendant violates the plea agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement. The determination whether the defendant has violated the plea agreement shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to

prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

## III. THE GOVERNMENT'S OBLIGATIONS

### A. Recommendations

#### 1. Sentencing Recommendation

The government will recommend that the Court sentence the defendant to low-end

of the advisory guideline range, as determined by the Court.

2. Acceptance of responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

**B. Use of Information for Sentencing**

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty:

As to Count One, Unlawful Manufacturing and Dealing in Firearms, in violation of 18 U.S.C. § 922(a)(1)(A) [Model Crim. Jury Instr. 8.53]:

1. The defendant was not licensed to manufacture and deal firearms; and
2. The defendant willfully engaged in the business of manufacturing and dealing firearms.

The defendant fully understands the nature and elements of the crime charged in the Second Superseding Information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V. MAXIMUM SENTENCE

### A. Maximum penalty

The maximum sentence that the Court can impose is five years of incarceration; a fine of $250,000; a three-year period of supervised release; and a special assessment of $100. In addition, the defendant may be ineligible for certain federal and/or state assistance and/or benefits, pursuant to 21 U.S.C. § 862.

### B. Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two-years of additional imprisonment.

## VI. SENTENCING DETERMINATION

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

## VII. WAIVERS

### A. Waiver of Constitutional Rights

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b)

to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

**B. Waiver of Appeal and Collateral Attack**

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximum.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims. A "collateral attack" in this circumstance means filing a motion in this Court, or any other court challenging any aspect of his guilty plea, his conviction, or his sentence. Therefore, the defendant cannot later decide that he is unhappy with his plea, conviction, or sentence and seek to amend, alter, or overturn it.

If the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the defendant will be in breach of the plea agreement and the government shall have the right to void this plea agreement.

**VIII. ENTIRE PLEA AGREEMENT**

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement,

understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX. APPROVALS AND SIGNATURES

### A. Defense Counsel

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 7/25/17

JOHN MANNING
Counsel for Defendant

### B. Defendant

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 7/25/17

SHAROD GIBBONS, Defendant

C. **Attorney for the United States**

I accept and agree to this plea agreement on behalf of the government.

Dated: 7/25/17

PHILLIP A. TALBERT
United States Attorney

By: ______________________
JUSTIN L. LEE
Assistant United States Attorney

**EXHIBIT A**
**Factual Basis for Plea**

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

On May 15, 2013, in Sacramento County, State and Eastern District of California, the defendant SHAROD GIBBONS sold a Beretta .40-caliber pistol bearing serial number PZ76671 to a confidential informant ("CI") working for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). The CI paid $800 in cash. GIBBONS did not conduct a background check or fill out any firearm transfer paperwork prior to providing the firearm to the CI.

On May 16, 2013, GIBBONS sold the same ATF informant a Remington Arms .30-06-caliber rifle bearing serial number E6538230 and a Maadi 7.62-caliber rifle bearing serial number ES18063 in exchange for $2,500 in cash. GIBBONS did not conduct a background check or fill out any firearm transfer paperwork prior to providing the firearms to the CI.

On May 29, 2013, GIBBONS sold the same ATF informant a Sig Sauer 9mm pistol bearing serial number B279282 in exchange for $700 in cash. During the firearm transaction, GIBBONS informed the CI that GIBBONS would contact the CI when he had more firearms available, stating he had "something new coming usually like once a week." GIBBONS did not conduct a background check or fill out any firearm transfer paperwork prior to providing the firearm to the CI.

On June 14, 2013, GIBBONS sold the same ATF informant an AR-15-type rifle in exchange for $1,800. The firearm did not have any manufacturer markings or serial number. In fact, the firearm had been provided to GIBBONS by co-defendant Bryce Beaver. GIBBONS did not conduct a background check or fill out any firearm transfer paperwork prior to providing the firearm to the CI.

On July 2, 2013, GIBBONS sold the same ATF informant two AR-15-type pistols in exchange for $3,400. The firearms did not have any manufacturer markings or serial

numbers. The firearms had been provided to GIBBONS by co-defendant Bryce Beaver. GIBBONS did not conduct a background check or fill out any firearm transfer paperwork prior to providing the firearms to the CI.

On July 26, 2013, GIBBONS sold the same ATF informant two AR-10-type rifles in exchange for $4,500 in cash. The firearms did not have any manufacturer markings or serial numbers. The firearms had been provided to GIBBONS by co-defendant Bryce Beaver. GIBBONS did not conduct a background check or fill out any firearm transfer paperwork prior to providing the firearms to the CI.

On August 12, 2013, GIBBONS sold the same ATF informant an AR-15-type short-barrel machinegun in exchange for $3,500. The barrel length of the firearm was 8.75 inches. GIBBONS told the CI that the firearm contained parts that allowed the firearm to fire fully automatic. The firearm did not have any manufacturer markings or serial number. GIBBONS did not conduct a background check or fill out any firearm transfer paperwork prior to providing the firearm to the CI.

GIBBONS has never held a firearm firearms license from ATF.

I, SHAROD GIBBONS, have read the Stipulated Factual Basis for this plea and agree to the facts and stipulations contained therein.

Dated: 7/25/17

SHAROD GIBBONS, Defendant